PLOTKIN, Judge,
concurs in part and dissents in part:
I respectfully dissent from the majority’s finding that the trial court correctly denied the plaintiff’s motion for additur.
The trial court calculated the amount of the judgment by multiplying State Farm’s percentage of fault times the combined total settlement and jury award and then subtracting the $100,000 previously paid in a settlement by State Farm Mutual Automobile Insurance Company. (35% X $390,-000 less $100,000). This method resulted in an award to the plaintiff of $136,500 from which his $100,000 settlement was subtracted. His net jury award was in the amount of $36,500.
A review of the jury charges demonstrates the patently confusing language offered to the jury as guidance. The first sentence instructs the jury that the award to the plaintiff will be the amount of damages in excess of $100,000. After attempting to explain how to calculate any contributory negligence, the judge then tells the jury to add the $100,000 to whatever is in excess of that amount and reduce it by the percentage of fault. These two statements by the judge are at best contradictory, first stating that only the amount above the settlement will be the award and then prompting the jury to add in the $100,000 for calculation of fault.
The second and third sentence of the jury instructions offer only additional contradictions for the jury to decifer. The judge tells the jury that if they find the plaintiff to be contributorily negligent they are to reduce the amount of damages by the percentage of fault. However, the jury was left to decide whether the “amount of damages” was only the excess after settlement, as the first sentence instructs, or whether the “amount of damages” was the total award as the third sentence instructs.
After reviewing the jury interrogatories in conjunction with the judge’s confusing instructions on this issue, it is my opinion that the jury was not aware the assessment of percentage of fault would be applied to the $100,000 previously paid. Interrogatory # 3 directed the jury to decide if there were any damages in excess of $100,000. Interrogatory # 5 instructed the jury to assign a percentage of fault. After determining the negligence of each party, Interrogatory # 6 asked the jury for an amount of damages, in excess of $100,000. Reinforcing the interrogatories, the judge instructed the jury that if they found damages exceeding $100,000, the excess would be the award. When considered together, the jury would have concluded that the plaintiff’s percentage of fault would affect only the excess award.
Applying this analysis, the percentage of fault should have been multiplied by only the excess amount of damages found by the jury. (35% X $290,000) This calculation would have produced a jury award of $101,-500. This jury award should have stood independent of the previous settlement that the plaintiff had received under a different insurance policy.
The trial court’s method of calculating the award effectively reduced the plaintiff’s settlement by $65,000. Rather than receive a total award of $201,500 ($101,500 + $100,000), the plaintiff’s jury award was reduced to $36,500 after his settlement was subtracted. ($136,500 - $100,000)
The effect of the trial court’s calculation was to violate a good faith settlement between the primary uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, and the plaintiff. Affirming the trial court on the amount of damages in this case could lead to negative results as a matter of policy. First, the formula utilized by the majority could have produced an award that was less than the original settlement. For purposes of illustration, if the jury had found that the plaintiff suffered only $50,000 of damages in excess of the $100,000 received in settle *943 ment, the majority’s calculation would impose a negative net result. (35% X $150,-000 — % $100,000) Even though the plaintiff would have already received $100,000 in settlement, the majority’s formula would show the plaintiff due only $47,500. The prospect of reimbursement by the plaintiff from a previously concluded settlement would then have to be considered. Ultimately, a court may not be able to require a plaintiff to return any portion of a settlement. However, the underlying issue is that conflicting mathematical results could ensue from the affirmation of the trial court’s damage calculation.
Moreover, Louisiana courts have always encouraged settlement. This method of calculating damages would produce the opposite effect. If a settlement could be reduced by a later finding of comparative negligence, neither side would be encouraged to negotiate in good faith.
It is my opinion that the plaintiff’s motion for additur should have been granted in the amount of $65,000 on both equitable and policy grounds. In all other aspects of the majority’s opinion, I respectfully concur.